UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS d'AQUIN                          CIVIL ACTION

VERSUS                                  NO: 15-3303

ANN MORGAN AND                          SECTION: "S" (5)
ADAMS STREET
COMMUNITY CENTER

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Defense Counsel (Doc. #33) is **DENIED**.

**IT IS FURTHER ORDERED** that Anna Morgan's Motion to Dismiss (Doc. #35) is **GRANTED**, and plaintiff's claims against her are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Adam Street Cultural Development Center's[1] Motion for Summary Judgment (Doc. #28) is **GRANTED**, and plaintiff's claims against it are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Adam Street Cultural Development Center's Motion for Sanctions (Doc. #28) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Sanction Defendant, Seal Defendant's Response to Case and Reenter the Entry of Default (Doc. #25) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Opposition to the Motion for Sanctions (Doc. #41) is **DENIED**.

---

[1] Adams Street Cultural Development Center was improperly named as Adams Street Community Center.

## BACKGROUND

This matter is before the court on various motions including plaintiff's motion to disqualify defense counsel and defendants' motions to dismiss and for summary judgment. Also before the court is plaintiff's motion seeking sanctions against defendant, Anna Morgan, and defendant Adams Street Community Center's, motion seeking sanctions against plaintiff, Thomas d'Aquin. Further, d'Aquin seeks to seal Morgan's filings in this case, to reinstate the entry of default against her, and to strike her opposition to his motion for sanctions.

On August 6, 2015, D'Aquin, filed this action against Morgan[2] and Adams Street alleging that the defendants violated the Fair Housing Act of 1968, 42 U.S.C. § 3601, et seq., by discriminating against him with respect to a rental property because he was part of an interracial couple. Specifically, d'Aquin alleges that defendants: required him to produce funds in a cashier's check "within fifteen minutes," while a white couple was permitted to bring a check later; denied him working heat, air conditioning, appliances and plumbing; failed to properly maintain the exits; denied him use of the patio; and, failed to refund the entire security deposit when he moved out.

D'Aquin moved for entries of default against the defendants alleging that they failed to timely file answers or otherwise respond after they were served. The Clerk of Court entered the defaults, and this court set a hearing for entry of default judgments. Morgan appeared, and filed an answer and a motion to set aside the default. The court granted the motion and set aside the default entered

---

[2] D'Aquin and Morgan are both proceeding *pro se*. Thus, the court must construe their pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

against her.  Thereafter, Morgan filed the instant motion to dismiss.  Also, Morgan obtained counsel, Jacqueline Gilds, to represent Adams Street.  Gilds filed a motion for summary judgment and motion for sanctions on Adams Street's behalf.  Further, d'Aquin filed a motion for sanctions against Morgan, and also seeks to seal her filings in this case and reinstate the entry of default against her. Morgan opposed that motion, and d'Aquin filed a motion to strike Morgan's opposition.

## ANALYSIS

I.     **Plaintiff's Motion to Disqualify Defense Counsel (Doc. #33)**

Plaintiff moves to disqualify Adams Street's counsel, Jacqueline Gilds, arguing that he has previously discussed other, unrelated legal matters with Gilds, and has told her the strategy that he intends to use in another discrimination lawsuit.

A motion to disqualify counsel is a substantive motion that affects the parties' rights and it is "'determined by applying standards developed under *federal law*.'" In re Am. Airlines, Inc., 972 F.2d 605, 610 (5th Cir. 1992) (quoting In re Dresser Indus., 972 F.2d 540, 543 (5th Cir. 1992)). "Federal courts may adopt state or ABA rules as their ethical standards, but whether and how these rules are to be applied are questions of federal law." Id.  A court considering a motion to disqualify must "first look to 'the local rules promulgated by the local court itself.'" In re ProEducation Int'l, Inc., 587 F.3d 296, 299 (5th Cir. 2009) (quoting FDIC v. U.S. Fire Ins. Co., 50 F.3d 1304, 1312 (5th Cir. 1995)).  Under its Local Rules, the United States District Court for the Eastern District of Louisiana has adopted the Rules of Professional Conduct of the Louisiana State Bar Association. E.D. La. Local R. 83.2.3.

Rule 1.18 of the Rules of Professional Conduct of the Louisiana State Bar Association is applicable to this case. Rule 1.18 describes an attorney's Duties to Prospective Clients, in relevant part as follows:

> (b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information except as Rule 1.9 would permit with respect to information of a former client.
>
> (c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter[.]

La. R. Prof'l Conduct 1.18. A party moving to disqualify opposing counsel based on an alleged conflict of interest bears the burden of proving grounds for disqualification. Dresser Indus., 972 F.2d at 398. Determining whether counsel should be disqualified is a fact-specific inquiry. See Brennan's Inc. v. Brennan's Rests., Inc., 590 F.2d 168, 173-74 (5th Cir. 1979).

Plaintiff has not established that Gilds should be disqualified. He has not put forth any facts showing that he told Gilds information that could be "significantly harmful" in this litigation. Plaintiff broadly states that he discussed other legal matters, including another discrimination case, with Gilds. These vague assertions do not lead to the conclusion that Gilds's representation of Adams Street in this matter presents a conflict of interests. Therefore, plaintiff's motion to disqualify Gilds is DENIED.

4

## II.   Morgan's Motion to Dismiss (Doc. #35) and Adams Street's Motion for Summary Judgment (Doc. #28)

Morgan filed a motion to dismiss and Adams Street filed a motion for summary judgment, arguing that d'Aquin did not state any claims against them under the Fair Housing Act of 1968.

### A.  Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).

### B.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in

support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). In determining whether there is a dispute as to a material fact, the court considers all of the evidence in the record and draws all reasonable inferences in favor of the nonmoving party, but does not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 120 S.Ct. 2097, 2110 (2000).

### C. The Fair Housing Act of 1968

The Fair Housing Act was enacted as Title VIII of the Civil Rights Act of 1968. See 42 U.S.C. § 3601, et seq. Section 3604(a) prohibits making unavailable or denying "a dwelling to any person because of race, color, religion, sex, familial status, or national origin." Id. at § 3604(a). Similarly, § 3604(b) makes it unlawful to "discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provisions of service or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." Id. at § 3604(b). The United States Court of Appeals for the Fifth Circuit has held that the provisions of § 3604 prohibit discrimination related to the availability, not merely the habitability of housing. Cox v. City of Dall., Tex., 430 F.3d 734, 741 & 746 (5th Cir. 2005) (holding that §§ 3604(a) and (b) do not apply to claims for mere decreased "value" or "habitability"). Moreover, § 3604(b) encompasses claims related to the initial sale or rental or for actual or constrictive eviction. Id. at 746.

D'Aquin's allegations do not state any claims under the Fair Housing Act. He does not allege that he was discriminated against in the initial rental of the property or that he was actually or constructively evicted. Indeed, he signed a one-year lease for the apartment, and lived there for a year. Instead, his allegations relate to the habitability of the apartment, and are not actionable under

the Fair Housing Act.  Therefore, Morgan's motion to dismiss and Adams Street's motion for summary judgment are GRANTED, and d'Aquin's claims against them are DISMISSED WITH PREJUDICE.[3]

**III.    D'Aquin's and Adams Street's Motions for Sanctions (Docs. #25 & 28, respectively)**

D'Aquin moves for sanctions against Morgan for her allegedly providing false information in this litigation and for her allegedly trying to have him arrested. Adams Street seeks sanctions against D'Aquin for filing the complaint for the improper purpose of harassing the defendants.

Rule 11(b) of the Federal Rules of Civil Procedure provides that by presenting a pleading, written motion, or other paper to the court, an attorney or unrepresented party certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or if specifically so identified, are reasonably based on belief or lack of information.

---

[3] Because d'Aquin's claims against the defendants are dismissed, his motion to reinstate the entry of default against Morgan (Doc. #25) and his motion for entry of default judgment against Adams Street (Doc. #15), are rendered moot.

7

Fed. R. Civ. P. 11(b). Compliance with Rule 11 is judged by "an objective standard of reasonableness under the circumstances." <u>Jennings v. Joshua Indep. Sch. Dist.</u>, 948 F.2d 194, 197 (5th Cir 1991). "Reasonableness is reviewed according to the 'snapshot' rule, focusing upon the instant the attorney fixes his signature to the document." <u>Smith v. Our Lady of the Lake Hosp., Inc.</u>, 960 F.2d 439, 444 (5th Cir. 1992) (citing <u>Thomas v. Capital Sec. Servs.</u>, 836 F.2d 866, 874 (5th Cir. 1988) (en banc)).

A motion for sanctions must be made separately from any other motion, must describe the specific conduct that allegedly violates Rule 11(b), and must be served under Rule 5, but not filed or presented to the court until the other party is given 21 days to withdraw the complained of pleading. Fed. R. Civ. P. 11(c)(2). The Advisory Committee Notes to the 1993 Amendments clarify that the motion should be served promptly after the inappropriate paper is filed, but it is not "to be filed until at least 21 days . . . after being served." Fed. R. Civ. P. 11 Advisory Committee's Note (1993 Amendments). The service provisions "are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specific allegation." <u>Id.</u> "[T]he 'safe harbor' period begins to run only upon service of the motion." <u>Id.</u>

D'Aquin and Adams Street both failed to comply with the service requirement of Rule 11(c)(2). There is no evidence in the record that they served the motions on the opposing party 21 days before filing it into the record. Further, d'Aquin and Adams Street both combined their motions for sanctions with other motions, which is prohibited under Rule 11(c). Therefore, d'Aquin's and Adams Street's motions for sanctions are DENIED.

## IV.   D'Aquin's Motion to Seal Morgan's Filings (Doc. #25)

D'Aquin asks the court to seal Morgan's filings in this case.  There is a strong presumption that all federal court proceedings should be subject to public scrutiny, and the court's power to seal records "must be used sparingly in light of the public's right to access." United States v. Holy Land Found. for Relief and Dev., 624 F.3d 685, 690 (5th Cir. 2010).  Although countervailing interests can outweigh the right of public access, the party who seeks to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption. Leucadia, inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993).  The decision of whether to seal all or part of the record is left to the discretion of the trial court. Nixon v. Warner Comms., Inc., 98 S.Ct. 1306, 1312-13 (1978).  D'Aquin has not articulated any interests in secrecy that outweigh the right of public access. Therefore, his motion to seal is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Defense Counsel (Doc. #33) is **DENIED**.

**IT IS FURTHER ORDERED** that Anna Morgan's Motion to Dismiss (Doc. #35) is **GRANTED**, and plaintiff's claims against her are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Adam Street Cultural Development Center's Motion for Summary Judgment (Doc. #28) is **GRANTED**, and plaintiff's claims against it are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Adam Street Cultural Development Center's Motion for Sanctions (Doc. #28) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Sanction Defendant, Seal Defendant's Response to Case and Reenter the Entry of Default (Doc. #25) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Opposition to the Motion for Sanctions (Doc. #41) is **DENIED**.

New Orleans, Louisiana, this 22 day of *February*, 2017.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**